# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO LAMAR CARROLL, Inmate Booking No. 12584822,<br><br>   Plaintiff,<br><br>vs.<br><br>GEORGE BAILEY DETENTION FACILITY; DEPUTY WHITE; DEPUTY GARCIA; DEPUTY PRICE,<br><br>   Defendants. | Case No.   13-CV-1256 JLS (MDD)<br><br>**ORDER: (1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**<br><br>**(ECF No.  4)** |

Plaintiff, currently housed at George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a).  (ECF No.  4.)

**I.   MOTION TO PROCEED IFP**

*A. Legal Standard*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is

granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP, however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

***B. Analysis***

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

***A. Legal Standard***

The Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Under these provisions, the Court must *sua sponte* dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000).

***B. Analysis***

*(i) Fourth Amendment Claim*

While not entirely clear, it appears that Plaintiff is alleging that his Fourth Amendment rights were violated when he was subjected to a strip search. The Fourth Amendment applies

to a jail or prison's policy of strip searches of inmates. *See Bull v. City of San Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc). When determining whether Plaintiff has stated a Fourth Amendment claim for an unreasonable search, the Court looks to whether the strip search was "reasonably related to legitimate penological interests." *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "The reasonableness of a search is determined by reference to its context." *Id.* at 971 (citing *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988)). Prison officials must be accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 974; *see also Florence v. Bd. of Chose Freeholders of Cnty. of Burlington,* __ U.S. __, 132 S.Ct. 1510 (2012).

Plaintiff does not allege with any specificity that there were no "legitimate penological interests" at play here. *Id.* Furthermore, there are insufficient factual allegations with regard to the strip search itself. It appears that Plaintiff is arguing that there was no basis for the strip search and, while he states he was naked for an unknown period of time, there are no facts from which the Court could find that the strip search itself was unreasonable. The Court finds that Plaintiff's claims do not rise to the level of a strip search that was "excessive, vindictive, harassing or unrelated to any legitimate penological interest." *Michenfelder*, 860 F.3d at 332. Thus, the Court finds that Plaintiff fails to allege a Fourth Amendment constitutional violation.

*(ii) Allegations Against George Bailey Detention Facility*

A local jail is not a proper defendant under § 1983. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'"). Thus, to the extent Plaintiff alleges that "George Bailey Detention Facility" has violated his constitutional rights, his Complaint fails to state a claim because this entity is not a "person" subject to suit under § 1983.

Furthermore, while the County of San Diego *itself* may be considered a "person" and,

therefore, a proper defendant under § 1983, *see Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), Plaintiff has not named the County as a Defendant. Moreover, as a municipality, the County *may* be held liable under § 1983–but only where the Plaintiff alleges facts showing that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark Cnty., Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

As currently pleaded, Plaintiff's complaint fails to state a claim under 28 U.S.C. § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the County itself violated his constitutional rights. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (finding that 42 U.S.C. § 1983 provides for relief only against those who, through personal involvement evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights). Therefore, Plaintiff fails to state a claim against George Bailey Detention Facility or the County of San Diego.

Accordingly, the Court finds that Plaintiff's complaint fails to state a viable § 1983 claim against any of the currently named Defendants. The Court, therefore, *sua sponte* **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

### III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4) is **GRANTED**.

2.      The Watch Commander for the George Bailey Detention Facility, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). *All payments shall be clearly identified by the name and number assigned to this action.*

3.      The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California, 92158.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2), § 1915A(b).

5.      Plaintiff is **GRANTED** forty-five (45) days' leave from the date this Order is filed in which to file a First Amended Complaint ("FAC") that cures all the pleading deficiencies noted above. Plaintiff's FAC must be complete in itself without reference to the original complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the FAC will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file a FAC within 45 days, this action shall remain dismissed without further Order by the Court.

6.      The Clerk of Court is directed to mail a court-approved § 1983 form to Plaintiff.

**IT IS SO ORDERED**.

DATED: September 20, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge