# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO LAMAR CARROLL, CDCR #E-54374, Inmate Booking No. 12584822,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; WILLIAM D. GORE, Sheriff for the County of San Diego; Sheriff's Deputy Sergeant CARSON; Sheriff's Deputy FLORES; Sheriff's Deputy GARCIA; Sheriff's Deputy PRICE; Sheriff's Deputy WHITE, individually and their official capacities; and DOES 1–50, inclusive,<br><br>Defendants. | CASE NO. 13-CV-1256 JLS (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>(ECF No. 36) |

   Presently before the Court is Defendants County of San Diego ("the County"), William D. Gore ("Gore"), Sheriff's Deputy Sergeant Carson ("Carson"), Sheriff's Deputy Flores ("Flores"), Sheriff's Deputy Garcia ("Garcia"), Sheriff's Deputy Price ("Price"), and Sheriff's Deputy White's ("White," and collectively, "Defendants") Motion to Set Aside Entry of Default (ECF No. 36), as well as Abolinico Lamar

Carroll's ("Plaintiff") Response in Opposition to (ECF No. 38) and Defendants' Reply in Support of (ECF No. 41) the Motion.  The Court vacated the hearing scheduled for June 26, 2014 and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (ECF No. 40.)  Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' Motion to Set Aside Entry of Default.

## BACKGROUND

On May 29, 2013, Plaintiff, at the time a pro se prisoner, concurrently filed his Complaint and a motion to proceed *in forma pauperis* ("IFP").  (ECF Nos. 1, 2.)  The Court denied Plaintiff's IFP motion and consequently dismissed the case without prejudice.  (ECF No. 3.)  On June 28, 2013, Plaintiff filed a revised motion to proceed IFP.  (ECF No. 4.)  On September 20, 2013, the Court granted Plaintiff's motion but dismissed his Complaint for failure to state a claim.  (ECF No. 5.)

On November 5, 2013, Plaintiff obtained counsel.  (ECF No. 13.)  Plaintiff then filed his First Amended Complaint ("FAC") on January 3, 2014.  (ECF No. 18.)  On January 7, 2014, Plaintiff filed an *ex parte* motion to direct the U.S. Marshal to serve Defendants, and, on January 15, 2014, the Court granted the motion.  (ECF Nos. 20, 21.)  On January 22, 2014, summonses for each defendant were returned executed. (ECF Nos. 23–29.)

Also on January 22, 2014, Plaintiff filed a motion to amend his FAC.  (ECF No. 30.)  The Court granted the motion on February 7, 2014.  (ECF No. 31.)  Subsequently, on February 18, 2014, Plaintiff filed his Second Amended Complaint ("SAC").  (ECF No. 32.)  On March 31, 2014, Plaintiff filed a Certificate of Service purportedly proving that Carson, Flores, Garcia, Gore, Price, and White had been served with the SAC by mail on February 27, 2014.  (ECF No. 33.)  Plaintiff allegedly served the County via an e-mail sent to the County's counsel.  (Resp. in Opp'n 17, ECF No. 38.)

On May 6, 2014, Plaintiff requested an entry of default against Defendants, which the Clerk of the Court entered on May 7, 2014.  (ECF Nos. 34, 35.)  Subsequently, on May 29, 2014, Defendants filed the present Motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts have broad discretion in deciding whether to vacate an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986); *Ricotta v. California*, 4 F. Supp. 2d 961, 988 (S.D. Cal. 1998).

It is the defendant's burden to establish that good cause to vacate the entry of default exists. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 149 (2001). The Ninth Circuit has held that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *TCI Grp.*, 244 F.3d at 696). Thus, in assessing good cause, the district court considers three factors:

> (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion "if any of the three factors [is] true."

*Id.* (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000); *see also In re Hammer*, 940 F.2d 524, 525–526 (9th Cir. 1991) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

The court "should apply the factors more liberally" when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment. *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citing *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). Ultimately, there is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988).

///

///

## ANALYSIS

Defendants move to set aside the May 7, 2014 Clerk's Entry of Default, arguing that (1) Plaintiff's method of service was defective, (2) Defendants' failure to respond was due to excusable neglect, and (3) Defendants have meritorious defenses to all alleged claims. (Mot. to Set Aside Default 9–14, ECF No. 36-1.) Plaintiff, on the other hand, contends that (1) service was not defective, and (2) Defendants' failure to respond was intentional, and their arguments to the contrary constitute bad faith. (Resp. in Opp'n 15–29, ECF No. 38.) The Court finds that Defendants were not properly served, and thus their failure to answer the SAC was the result of excusable neglect; therefore, good cause exists to vacate the entry of default.

Federal Rule of Civil Procedure 4 governs the service of the summons and the original complaint. Unless a defendant waives service, the defendant must respond to the complaint within twenty-one days of service. Fed. R. Civ. P. 12(a)(1). A party that fails to defend within the specified time is in default. Fed. R. Civ. P. 55(a).

Here, Plaintiff served Defendants with the FAC on January 21 and 22, 2014. (ECF Nos. 23–29.) Thus, pursuant to Rule 12, Defendants were required to answer the FAC on or before February 11, 2014. However, before the deadline to respond to the FAC had passed, Plaintiff moved for, and the Court granted, leave to amend. (ECF Nos. 30, 31.)

The Court's February 7, 2014 Order granting leave to amend changed Defendants' response deadline to the later of "the time remaining to respond to the original pleading or within 14 days after service of the amended pleading." Fed. R. Civ. P. 15(a)(3). Plaintiff served the SAC on February 27, 2014. (ECF No. 33.) Accordingly, Defendants' new deadline to respond was March 12, 2014.

Because Defendants were not in default at the time the SAC was served, they were each entitled to service of the SAC pursuant to Federal Rule of Civil Procedure 5. Fed. R. Civ. P. 5(a)(1)(B) ("Unless these rules provide otherwise, each of the following papers must be served on every party: . . . a pleading filed after the original

complaint."); *cf.* 5(a)(2) ("No service is required on a party who is in default for failing to appear."). "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1).

Plaintiff argues that, at the time he served the SAC, all Defendants were represented by the County's counsel, who purportedly informed Plaintiff's counsel on February 5, 2014 that he had been assigned to represent all Defendants. (Resp. in Opp'n 17, ECF No. 38.) On February 18, 2014, Plaintiff apparently served the County via an e-mail sent to the County's counsel. (*Id.*) Plaintiff contends that service of the SAC via e-mail on the County's counsel was sufficient to comply with Rule 5. However, Plaintiff is mistaken.

Pursuant to Rule 5, service of the SAC was permissible by:

(A) handing it to the person;

(B) leaving it:

    (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

    (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address—in which even service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person served; or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b)(2). "If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." *Id.* 5(b)(3). Pursuant to this District's rules, use of the Electronic Filing System may constitute service, but "[p]arties who are not Filing Users must be served with a copy of any pleading or other

document filed electronically in accordance with the Federal Rules of Civil Procedure and these Local Rules." CivLR 5.4(b).

Even assuming that all Defendants were represented by the County's counsel, proper service by electronic means other than the Electronic Filing System required the County's counsel's written consent to delivery by that means. *See* Fed. R. Civ. P. 5(b)(2)(E). It does not appear that the County's counsel consented in writing to service via e-mail. Accordingly, the County was not properly served.

In light of the circumstances, the Court finds that the failure to properly serve Defendants constitutes good cause to set aside the entry of default. Clearly there has been significant confusion by all as to whether Defendants were properly served. Given the complexity of the application of the rules of service to this particular case—involving, *inter alia*, a superseded pleading, multiple defendants, and an attorney who had not yet formally appeared in the litigation—the Court believes that the strong preference in favor of litigating issues on the merits counsels in favor of setting aside the default. *See Direct Mail*, 840 F.2d at 690.

The "good cause" factors support this conclusion. First, Defendants filed their Motion less than a month after the Clerk's Entry of Default. (*See* ECF Nos. 35, 36.) When a defendant's response is filed within a month of the entry of default, prejudice to the plaintiff is unlikely. *Canfield v. VSH Rest. Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995).

Second, Defendants' burden to prove a meritorious defense is light. *RingCentral, Inc. v. Quimby*, 781 F. Supp. 2d 1007, 1012 (N.D. Cal. 2011). Defendants appended their answer to their Motion. (*See generally* ECF No. 36.) The Court finds that the allegations asserted therein meet the low standard required to show a meritorious defense.

Finally, the entry of default was not caused by any culpable actions on the part of Defendants. The facts do not indicate any intent on the part of the County's counsel to "take advantage of the opposing party, interfere with judicial decisionmaking, or

otherwise manipulate the legal process." *TCI Grp.*, 244 F.3d at 700. From the facts alleged in Defendants' Motion and Plaintiff's Opposition, it appears that the entry of default resulted from a miscommunication between the parties' counsel—nothing more. Plaintiff's counsel misunderstood the County counsel's proposed conditional waiver of service, the County's counsel was excusably negligent in his failure to answer, and both parties understandably misunderstood the rules of service as they applied to the facts of this case. Accordingly, under these circumstances, the Court determines that vacating the entry of default is appropriate.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Set Aside Entry of Default. The Clerk of the Court **SHALL VACATE** the May 7, 2014 Clerk's Entry of Default. (ECF No. 35.) Defendants' answer to the Second Amended Complaint (ECF No. 36, Ex. 1) **SHALL BE DEEMED FILED** as of the date on which this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED: August 21, 2014

Honorable Janis L. Sammartino
United States District Judge